**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee,**

v.

**FINKLEY et al., Appellants.**

[Cite as *Nationwide Mut. Ins. Co. v. Finkley* (1996), 112 Ohio App.3d 712.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17544.

Decided July 24, 1996.

*William P. Michaels,* for appellee.

*Gary W. Kisling* and *Matthew W. Oby,* for appellants.

REECE, Presiding Judge.

Appellants, Gertrude Finkley, Anwar Stembridge, and Dorethea and Sheko Poteete, appeal from the judgment of the trial court granting summary judgment in favor of Nationwide Mutual Insurance Company. We affirm.

## I

On April 12, 1994, Anwar Stembridge, Gertrude Finkley's grandson, left school and returned home to his grandparents' house during his lunch period. He retrieved the extra set of keys to his grandmother's 1992 Chevy AstroVan from the china closet and drove the van back to school without his grandmother's permission. Stembridge, only months past his sixteenth birthday, did not have a driver's license.

Upon returning home from a trip to the doctor with her husband, Finkley discovered her van was missing and assumed it had been stolen. She reported it as such to the Akron police. After school, Stembridge and three friends went joyriding throughout Akron. Police recognized the van as that which Finkley had reported stolen earlier in the day and attempted to pull Stembridge over. Stembridge, aware the police were attempting to stop him, fled.

While trying to elude the police, Stembridge failed to stop at a stop sign and crashed into Dorethea and Sheko Poteete's vehicle. Both Poteetes sustained injuries. Stembridge was arrested and charged with willfully fleeing a police officer. See R.C. 2921.331(B). Nationwide Mutual Insurance Company filed a declaratory judgment action against its insureds, Finkley and Stembridge, asserting that coverage should not be afforded for the April 12, 1994 accident. The Poteetes, who had filed a personal injury suit against Finkley and Stembridge, were granted leave to intervene in the declaratory judgment action.

Finkley, Stembridge and the Poteetes moved for summary judgment, as did Nationwide. On October 16, 1995, the trial court granted Nationwide's motion, finding that "[f]leeing the police is an [sic] willful and deliberate act that a reasonable person would realize could result in injury to other motorists." Thus, the court ruled that the acts in question fell within the "intentional acts" policy exclusion contained in the Nationwide Century II Auto Policy issued to Finkley. Finkley, Stembridge and the Poteetes now appeal the denial of coverage.

## II

In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard as that applied by the trial court pursuant to Civ.R. 56(C). *Varisco v. Varisco* (1993), 91 Ohio App.3d 542, 545, 632 N.E.2d

1341, 1343–1344. The court must view the evidence most strongly in favor of the nonmoving party and decide whether there are genuine issues of material fact which remain to be litigated. *Id.* If the evidence is such that reasonable minds could come to but one conclusion, and that conclusion is adverse to the moving party, then the moving party is entitled to judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

The automobile insurance policy at issue excludes:

"1. **Property damage** or **bodily injury** caused intentionally by or at the direction of an **insured,** including willful acts the result of which the **insured** knows or ought to know will follow from the insured's conduct."

Where the terms of an insurance policy are clear and unambiguous, those terms must be applied to the facts without engaging in any construction. *Santana v. Auto Owners Ins. Co.* (1993), 91 Ohio App.3d 490, 494, 632 N.E.2d 1308, 1311. When the policy terms have a plain and ordinary meaning, it is not necessary or permissible for a court to construe a different meaning. *Ambrose v. State Farm Fire & Cas.* (1990), 70 Ohio App.3d 797, 800, 592 N.E.2d 868, 870–871. In other words, "the plain meaning of unambiguous language will be enforced as written." *Mehl v. Motorists Mut. Ins. Co.* (1992), 79 Ohio App.3d 550, 554, 607 N.E.2d 897, 899.

In the case *sub judice,* it is undisputed that Stembridge willfully fled the police and engaged in an automobile chase through the urban streets of Akron. Stembridge voluntarily and purposefully committed this reckless behavior. He admits that he has not received driver's training, formal or otherwise, and does not have a driver's license. Any reasonable person would know, or should know, that such actions would probably lead to serious injury.

"[I]n those cases where an intentional act is substantially certain to cause injury, determination of an insured's subjective intent, or lack of subjective intent, is not conclusive of the issue of coverage. Rather, an insured's protestations that he 'didn't mean to hurt anyone' are only relevant where the intentional act at issue is not substantially certain to result in injury." *Gearing v. Nationwide Ins. Co.* (1996), 76 Ohio St.3d 34, 39, 665 N.E.2d 1115, 1119. We hold that where an insured willfully and purposefully attempts to elude the police in an automobile chase through an urban area in reckless disregard of traffic control devices, his actions are substantially certain to result in injury. The added fact that the individual does not possess a valid driver's license only strengthens such a conclusion.

Viewing the evidence in a light most favorable to the appellants under the plain language of the policy exclusion at issue, Stembridge willfully committed acts

which he, at the very least, ought to have known were substantially certain to cause injury. Reasonable minds can come to no other conclusion. Therefore, no genuine issues of material fact exist, making summary judgment in Nationwide's favor proper.

 Finkley, Stembridge and the Poteetes also argue that the trial court's ruling was against public policy. They contend that exclusion of coverage in the instant case will result in the denial of coverage "in multitude [*sic* ] of instances where careless and intentional acts result in unintended injuries." As our present holding does not establish such a precedent, we are not persuaded by this argument. Indeed, it has long been recognized that Ohio public policy generally prohibits obtaining insurance to cover damages caused by intentional torts. See *State Farm Mut. Ins. Co. v. Blevins* (1990), 49 Ohio St.3d 165, 551 N.E.2d 955; *Wedge Products, Inc. v. Hartford Equity Sales Co.* (1987), 31 Ohio St.3d 65, 31 OBR 180, 509 N.E.2d 74. Determining that an individual could obtain insurance coverage for damages caused by intentional criminal activity, by willful flight from the police, flies in the face of this established public policy.

Contrary to the appellants' assertions, our holding in the case *sub judice* does nothing to change the current state of the law in Ohio. Our determination in this case, limited to its facts, will not, as appellants theorize, lead to a condition in which any unintended injury that is the result of an intentional act is excluded from insurance coverage.

Accordingly, the two assignments of error presented by Finkley, Stembridge and the Poteetes are overruled.

### III

Appellants' assignments of error are overruled and the judgment of the trial court granting summary judgment in Nationwide's favor is affirmed.

*Judgment affirmed.*

DICKINSON and SLABY, JJ., concur.