{¶ 1} Plaintiff-appellant, Kevin M. Wright ("Appellant"), appeals from a decision of the Seneca County Court of Common Pleas denying his motion for summary judgment and granting the motions for summary judgment filed by defendants-appellees, Pacific Employers Insurance Company ("Pacific") and Federal Insurance Company ("Federal").
 {¶ 2} The pertinent facts and procedural history are as follows. During the early morning hours of November 21, 1998, Appellant was a passenger in a 1989 Chevrolet S-10 pickup truck owned and operated by Robert R. Small, Jr., a friend. Small drove his vehicle off the roadway at or near County Road 1 in Seneca County, Ohio, causing Appellant to sustain multiple serious injuries.
 {¶ 3} There is no dispute that Small was at fault, and his insurance carrier paid Appellant $12,500, which was the limit of his insurance policy. Appellant also received $37,500 from the proceeds of his personal underinsured motorist ("UIM") policy issued by Meridian Mutual Insurance Company.
 {¶ 4} At the time of the accident, Small was an employee of Best Buy Co., Inc. ("Best Buy"), which was the named insured on a business automobile liability insurance policy issued by Pacific with effective dates of July 1, 1998 to July 1, 1999. The Pacific policy included UIM coverage. Best Buy was also the named insured under an umbrella insurance policy issued by Federal with a policy period running from July 1, 1998 to July 1, 1999. Both policies were in effect at the time of the accident. Appellant, who claims his damages exceeded the limits of Small's insurance coverage, filed a complaint seeking UIM benefits from both Pacific and Federal.
 {¶ 5} Pacific and Federal filed respective motions for summary judgment on grounds that the appellant was not entitled to receive benefits under either policy. Appellant filed a responsive motion also requesting summary judgment. On August 23, 2002, the trial court granted the appellees' motions for summary judgment and denied Appellant's motion. Appellant now appeals asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 6} "The Trial Court erred by finding that Kevin M. Wright was not an insured and therefore not entitled to underinsured motorist coverage under the policies issued by Pacific Employers Insurance Company and Federal Insurance Company."
 Standard of Review {¶ 7} Our analysis of an appeal from summary judgment is conducted under a de novo standard of review.[1] Summary judgment is proper when, looking at the evidence as a whole, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[2] The movant bears the initial burden to inform the trial court of the basis for the motion, identifying portions for the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact.[3] Once the movant has satisfied this burden, the nonmovant must set forth specific facts demonstrating that a genuine issue of fact indeed exists for trial.[4]
 {¶ 8} The outcome of this case depends upon the interpretation of the terms of the various insurance contracts at issue. It is well settled that an insurance policy is a contract and the relationship between the insured and the insurer is contractual in nature.[5] It is also well settled that "[c]ontracts are to be interpreted so as to carry out the intent of the parties, as the intent is evidenced by contractual language."[6] Insurance coverage is determined by reasonably construing the contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed."[7] "[W]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured."[8] However, "where the provisions of an insurance policy are clear and unambiguous, courts may not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties[.]"[9]
 Discussion {¶ 9} Appellant asserts that this case is governed byScott-Pontzer v. Liberty Mut. Fire Ins. Co.[10] Like the uninsured motorist policy in Scott-Pontzer, the named insured under the Pacific policy is a corporation, in this case Best Buy. The Pacific policy defines an "insured" for purposes of UIM coverage as follows:
 {¶ 10} "Who Is An Insured
 {¶ 11} "A. You.
 {¶ 12} "B. If you are an individual, any `family member.'
 {¶ 13} "C. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 14} "D. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'."
 {¶ 15} But here the similarity of the instant case withScott-Pontzer ends. It is undisputed that the appellant, here, was neither an employee of Best Buy nor a family member of Mr. Small. Thus, no claim is made by Appellant under "A" or "B". However, Appellant claims that he qualifies for UIM insurance under item "C" of "Who Is An Insured" and asserts that Small's vehicle was an auto covered under the UIM portion of the Pacific policy. In order to determine whether Appellant occupied a "covered auto," we must first turn to the definition thereof. The "Schedule of Coverages and Covered Autos" of the "Business Auto Declarations" form designates symbol "2" as those autos covered for purposes of UIM coverage. Symbol "2" is then defined as "OWNED `AUTOS' ONLY. Only those `autos' you own * * *. This includes those `autos' you acquire ownership of after the policy begins."
 {¶ 16} Appellant maintains that pursuant to Scott-Pontzer, UnitedOhio Company v. Bird[11] and Uzhca v. Derham,[12] this Court should define the ambiguous terms "you" and "your" as including Best Buy's employees wherever those terms appear throughout the UIM portion of the insurance policy.
 {¶ 17} In response, the appellees argue that there is no ambiguity as to which autos were covered and, further, that Best Buy was required to retain a list of the autos covered under the Pacific policy. Indeed, "Item Three" of the policy, which is titled "Schedule of Covered Autos You Own" requires the reader to "See Schedule on File with Company."[13]
 {¶ 18} Best Buy's four page vehicle summary was attached to an affidavit submitted by Grant Kelley, supervisor in the underwriting department of the company formerly known as Cigna Property Casualty Group of which Pacific was one of the insurance companies in the group. Kelley stated in his affidavit that "Best Buy, as part of the negotiations for issuance of the policy and under the terms of the policy itself provided a listing of owned autos to Pacific Employers Insurance Company. The listing was first supplied by Best Buy as part of the rate specifications effective July 1, 1998. Under Endoresement [sic] #3, the composite rate endorsement of the policy, Best Buy was required to maintain a record of autos Best Buy owned and to provide such listing to Pacific Employers Insurance Company at times set forth in the policy."
 {¶ 19} Endorsement Number 3, as asserted by Kelley's affidavit, provides, in pertinent part, as follows: "The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. You shall maintain a record of the number of `autos' you own (including `autos' you lease or borrow for a period of 6 months or longer). You shall send us copies of such reports at the end of the policy period and at such times during the policy period as we direct."
 {¶ 20} Turning to the list of covered autos, we notice that the pickup truck owned and operated by Small at the time of the accident is conspicuously absent. Nor does Appellant contend that the vehicle driven by Small at the time of the accident was, in fact, owned by Best Buy.
 {¶ 21} After reviewing the policy in its entirety, and considering the affidavit of Kelley, we conclude that there was no UIM coverage for bodily injury sustained by Appellant because he was occupying a vehicle that was not a covered auto.[14] Although a corporation "cannot occupy a motor vehicle [or] suffer bodily injury or death,"[15] which is the genesis of the ambiguity found in the language of the insurance policy at issue in Scott-Pontzer, a corporation clearly can hold lawful title to motor vehicles and can acquire insurance restricted to those vehicles which it, itself, owns. There was no ambiguity within the Pacific policy itself as to which autos were covered, and Small's pickup truck was not specifically identified as one of the covered autos.[16] Therefore, we conclude that there was no UIM coverage under Pacific's policy for Appellant's injuries. The trial court's grant of summary judgment in Pacific's favor is affirmed.
 {¶ 22} In addition to the primary Business Auto Policy issued by Pacific, Best Buy also carried a commercial umbrella policy through Federal Insurance Company that was in effect on the date of the accident. Appellant seeks UIM coverage under Coverage A of the umbrella policy which provides in part:
 {¶ 23} "Under Coverage A, we will pay on behalf of the insured, that part of loss covered by this insurance in excess of the total applicable limits of underlying insurance provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of underlying insurance are with respect to Coverage A made a part of this policy, except with respect to:
 {¶ 24} "A. any contrary provision contained in this policy; or
 {¶ 25} "B. any provision in this policy for which a similar provision is not contained in underlying insurance.
 {¶ 26} "With respect to the exceptions stated above, the provisions of this policy will apply.
 {¶ 27} "The amount we will pay is limited as described in Limits of Insurance.
 {¶ 28} "Notwithstanding anything to the contrary contained above,if underlying insurance does not cover loss, for reasons other thanexhaustion of an aggregate limit of insurance by payment of claims, thenwe will not cover such loss."[17]
 {¶ 29} According to the clear and unambiguous terms of the Federal policy, Federal's liability does not arise in the present case because the underlying Pacific policy does not cover Appellant's loss. Therefore, we affirm the trial court's grant of summary judgment in Federal's favor.
 {¶ 30} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and WALTERS, J., concur.
[1] Ledyard v. Auto-Owners Mut. Ins. Co. (2000), 137 Ohio App.3d 501,505.
[2] Civ. R. 56(C).
[3] Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
[4] Id.
[5] Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107,109.
[6] Skivolocki v. E. Ohio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus.
[7] King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211; DealersDairy Products Co. v. Royal Ins. Co. (1960), 170 Ohio St. 336, paragraph one of the syllabus.
[8] King, 35 Ohio St.3d 208, syllabus.
[9] Gomolka v. State Auto Mut. Ins. Co. (1982), 70 Ohio St.2d 166, 168
(citations omitted).
[10] 85 Ohio St.3d 660, 1999-Ohio-292.
[11] (May 18, 2001), Delaware App. No. 00 CA 31.
[12] Ohio App. 2 Dist., 2002-Ohio-1814.
[13] We foremost note to appellee, Pacific, that Ohio courts of appeals, and specifically the Third Appellate District, do not review propositions of law. Our review of an appeal is limited to assignments of error. See App. R. 16(B), Loc. App. R. 11.
[14] See Weyda v. Pacific Employer's Ins. Co., Hamilton App. No. C-020410, 2003-Ohio-443.
[15] Scott-Pontzer, supra.
[16] See, generally, Niese v. Maag, Putnam App. No. 12-02-06,2002-Ohio-6986, at ¶ 12; and Weyda, supra. See, also, Daily v.Travelers Ins. Co., Ohio App. 2 Dist., 2003-Ohio-680, ¶ 49-53, which distinguishes itself from Niese and Weyda because the insurance policy therein did not require the insured to provide a schedule of covered autos.
[17] Emphasis added.