OPINION
{¶ 1} Kelly Bubp, appellant herein, appeals the judgment of the Allen County Court of Common Pleas granting summary judgment to appellee, American Manufacturers Mutual Insurance Co. (hereinafter "AMMIC").
 {¶ 2} On November 12, 2000, appellant was a passenger in a car driven by Jennifer Johnson, a friend of appellant's. While stopped at a stoplight, appellant exited Johnson's car in order to get into a car driven by other friends who were stopped behind Johnson's vehicle. As appellant walked to the other car, Johnson backed up, striking appellant. As a result of this incident, appellant suffered multiple injuries.
 {¶ 3} At the time of the accident, appellant was an employee of Bennett Enterprises, Inc. which was insured through a commercial auto policy issued by AMMIC.
 {¶ 4} On March 11, 2002, appellant filed a complaint asserting a UM/UIM claim against AMMIC, pursuant to Scott-Pontzer v. Liberty Mut.Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 5} Appellant and AMMIC each filed motions for summary judgment on the issue of whether appellant had a valid claim for UM/UIM coverage under the AMMIC policy issued to Bennett Enterprises, Inc. On May 30, 2003 the trial court granted AMMIC's motion for summary judgment, finding that appellant was not an "insured" for purposes of UM/UIM coverage and that she was not occupying a covered auto when injured.
 {¶ 6} It is from this judgment that appellant appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I
Summary judgment was erroneously granted in AMMIC's favor because the ambiguous definition of "Who is an Insured" remains, thereby making appellant an insured under the AMMIC policy via Scott Pontzer.
 {¶ 7} Our analysis of an appeal from a summary judgment motion is conducted under a de novo standard of review. Ledyard v. Auto-OwnersMut. Ins. Co. (2000), 137 Ohio App.3d 501, 505. We review the motion independently, without affording deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720.
 {¶ 8} Summary judgment is proper when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the non-moving party, that reasonable minds could come to but one conclusion and that conclusion is adverse to the moving party. Civ.R. 56(C).
 {¶ 9} The movant bears the initial burden to inform the trial court of the basis for the motion, identifying portions for the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. Once the movant has satisfied this burden, the non-moving party must set forth specific facts demonstrating that a genuine issue of fact indeed exists. Id.
 {¶ 10} In order to determine whether the appellant is entitled to UM/UIM coverage under the AMMIC commercial auto policy, we must first resolve whether the appellant was an "insured" under the policy. Appellant argues pursuant to Scott-Pontzer, she is entitled to coverage issued by AMMIC to appellant's employer because the AMMIC policy contains the identical language held to be ambiguous in the Scott-Pontzer
decision.
 {¶ 11} In Scott-Pontzer, the Ohio Supreme Court interpreted a commercial auto policy and held that when a corporation was the named insured and an "insured" was defined for purposes of UM/UIM coverage as "you", the policy language was ambiguous. Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660, 665. Since a corporation can act only by and through real live persons, the Supreme Court reasoned, "you" could be interpreted as applying to the corporation's employees. Id. at 664. Therefore, the court found that an employee, killed in an automobile accident caused by an underinsured motorist, was an insured under the employer's policy for purposes of UIM coverage. Id. at 665.
 {¶ 12} The AMMIC policy at issue in this case defines "Who is an Insured" as "you" and "[i]f you are an individual, any family member." Thus, we would generally agree with appellant that the policy language is ambiguous such that, pursuant to Scott-Pontzer, coverage would extend to employees of Bennett Enterprises, Inc. through the use of the term "you". The trial court, however, found that because the AMMIC policy contained a broadened coverage endorsement that declared Paul F. Schilling as a "named insured", the ambiguity found in Scott-Pontzer was removed.
 {¶ 13} The broadened coverage endorsement in the AMMIC policy entitled "Drive Other Car Coverage-Broadened Coverage for Named Individuals" provides the following:
Changes in Auto Medical Payments and Uninsured and Underinsured Motorists Coverages
The following is added to WHO IS AN INSURED: Any individual named in the Schedule and his or her "family members" are "insureds" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except: Any "auto" owned by that individual or by any "family member."
 {¶ 14} Since Paul F. Schilling is the individual named in the schedule, appellee maintains that it is only Schilling and Bennett Enterprises, Inc. who are entitled to coverage, all other employees are excluded.
 {¶ 15} In Estate of Houser v. Motorists Ins. Co., Auglaize App. No. 2-02-02, 2002-Ohio-2845, this court addressed the issue of whether adding an individual as a named insured removed the Scott-Pontzer
ambiguity from the word "you". We held that no ambiguity in the term "you" exists when a corporation and an individual are both identified as named insureds. We stated, "[i]nferring that the terms "you" and "your" refer to [the corporation's] employees would enlarge the meaning of the terms beyond that contemplated by the parties." We concluded that this situation was outside the realm of Scott-Pontzer, where the only named insured was the corporation.[1]
 {¶ 16} Appellant further contends, however, the trial court erred in granting summary judgment because the broadened coverage form does not modify the UM/UIM coverage endorsement. In reviewing the AMMIC policy, we find that the "Business Auto Coverage Form" is modified by both the broadened coverage endorsement and the UM/UIM coverage endorsement. We find that these endorsements work in conjunction with one another to provide automobile liability coverage to Bennett Enterprises, Inc. Furthermore, the broadened coverage endorsement states that one of the changes in coverage is to "Uninsured and Underinsured MotoristsCoverages." We find that the broadened coverage endorsement is applicable to the UM/UIM coverage and, thus, appellant is not an insured pursuant to our holding in Houser, supra.
 {¶ 17} Even if we were to find that appellant was an insured under the AMMIC policy, our review would not be at an end. Even when a party qualifies as an insured under a policy that includes UM/UIM coverage by contract, the circumstances of the accident must fall within other applicable coverage provisions. Rall v. Johnson (Mar. 21, 2003), Wyandot App. No. 16-02-13, 2003-Ohio-1373, ¶ 9 (citation omitted). Specifically, pursuant to our decision in Cincinnati Ins. Co. v. Perkins, Paulding App. No. 11-03-04, 2003-Ohio-3586, in order for UM/UIM coverage to exist, appellant must have been occupying a "covered auto" as defined in the AMMIC policy.
 {¶ 18} In Perkins, we stated:
The Ohio Supreme Court determined in Scott-Pontzer that when "you" isdefined as the "named insured shown in the declarations" in an autoinsurance policy, the term "you" necessarily included employees of thecorporation. Accordingly, * * * we found that insofar as Scott-Pontzerrequires the term "you" to be construed to include employees as "namedinsureds," the term "you" would be applied consistently throughout thepolicy.
 When the term "you" is consistently interpreted throughout the policy,we find that the vehicle driven by [appellant] at the time of theaccident, a 1988 Pontiac Grand Am owned by her father, is not one whichis owned by a party falling within the definition of "you." Nor is itcontained in the schedule of vehicles covered by the policies.Consequently, it does not qualify as a "covered `auto'" for purposes ofUIM coverage, and under these circumstances [appellant] is not entitledto UIM coverage. Id. At ¶ 13-14 (footnotes omitted).
 {¶ 19} In the case sub judice, the "Business Automobile Coverage Part Declarations" of the AMMIC policy states in part:
Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Business Auto Coverage Form next to the name of the coverage.
 {¶ 20} A "covered auto" for the purposes of UM/UIM coverage is defined by symbol "2". Coverage provided under symbol "2" is limited to "[o]nly those `autos' you own." Attached to the declarations is a schedule of owned vehicles covered by the AMMIC policy.
 {¶ 21} As defined in the AMMIC policy, Kelly Bubp was not occupying a "covered auto" because she was not occupying a car that sheowned. The car in which appellant was riding was owned by Jennifer Johnson. It was not owned by appellant, it was not owned by Bennett Enterprises, Inc. and it was not included on the schedule of covered autos included in the AMMIC policy. Therefore, even if coverage were extended to appellant through the rationale in Scott-Pontzer, appellant is excluded from UM/UIM coverage by virtue of not occupying a "covered auto".
 {¶ 22} Pursuant to the standard for the grant of summary judgment, the appellant was required to present evidence that a genuine issue of fact existed. Dresher, supra. Appellant failed to meet this burden.
 {¶ 23} As the trial court stated, appellant did not present evidence that she was an insured under the AMMIC policy or, alternatively, that she was occupying a covered auto when injured. Thus, appellant was not entitled to UM/UIM coverage under the AMMIC policy.
 {¶ 24} Accordingly, appellant's assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the decision of the Allen County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] The Ohio Supreme Court is currently reviewing the following issue in Westfield Ins. Co. v. Galatis, Summit App. No. 20784, 2002-Ohio-1502: "Whether the inclusion of a Broadened Coverage Endorsement, adding individual named insureds to a commercial motor vehicle liability policy, eliminates any ambiguity over the use of the term "you" therein?"