OPINION
{¶ 1} Appellants, Debra Nevergall and Timothy Wood appeal the judgment of the Hancock County Court of Common Pleas granting summary judgment to appellees, OHIC Insurance Company and Fireman's Fund Insurance Company, finding that appellants were not entitled to UM/UIM benefits for damages resulting from the death of their daughter.
 {¶ 2} Alyssa Wood, the natural daughter of Debra Nevergall and Timothy Wood, was killed in an automobile accident while riding in a car owned by her boyfriend, Earl Smith, an uninsured motorist. At the time of Alyssa's accident, Debra Nevergall was employed by Blanchard Valley Health Association. OHIC Insurance Company (hereinafter "OHIC") issued insurance policies to Blanchard Valley Health Association including a business automobile liability policy No. PKG-1998-1100-00, general liability policy No. HPP-1998-1100-00 and a commercial umbrella policy No. UML-1998-1100-00. During the same time, Timothy Wood was employed by Roundy's, Inc. which held a commercial auto policy No. 7 98 KXC 80359162 issued by Fireman's Fund Insurance Company (hereinafter "Fireman's Fund").
 {¶ 3} Appellant Nevergall brought suit against OHIC individually and as the administrator of Alyssa's estate. She claims that she and the decedent are insureds entitled to UM/UIM benefits from both the OHIC business auto policy and the umbrella policy pursuant to Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660.
 {¶ 4} Appellant Wood brought suit against Fireman's Fund, alleging that he was entitled to UM/UIM benefits pursuant to Scott-Pontzer.
 {¶ 5} The trial court granted summary judgment to appellees OHIC and Fireman's Fund. It is from this decision that appellants appeal, asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred when it held that appellant Timothy Wood was notan insured entitled to uninsured/underinsured motorist coverage providedunder the Fireman's Fund business auto policy in the amount of$1,000,000.
 {¶ 6} As an initial matter we note that appellate review of summary judgment determinations is conducted on a de novo basis. Ledyard v.Auto-Owners Mut. Ins. Co. (2000), 137 Ohio App.3d 501,505. Therefore, we consider the motion independently and without deference to the trial court's findings. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720.
 {¶ 7} Under Ohio law, a court may not grant a motion for summary judgment unless the record demonstrates: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law and (3) after considering the evidence most strongly in favor of the non-moving party, reasonable minds could come but to one conclusion and that conclusion is adverse to the party against whom the summary judgment motion is made. Civ.R. 56(C).
 {¶ 8} The present case has been brought pursuant to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. In Scott-Pontzer, the court interpreted a commercial auto policy and determined that when a corporation was the named insured and an "insured" was defined for purposes of UM/UIM coverage as "you," the policy language was ambiguous. Id. at 665. The court determined that coverage was not limited solely to the corporate entity but was extended to the employees of the corporation "since a corporation can act only by and through real live persons." Id. at 664. Therefore, the court found that an employee, killed in an automobile accident caused by an uninsured motorist, was an insured under his employer's policy for purposes of UM/UIM coverage, even though he was not acting with the course and scope of his employment at the time of the accident. Id. at 665.
 {¶ 9} Recently, in Westfield Ins. Co. v. Galatis (2003),100 Ohio St.3d 216, 2003-Ohio-5849, the Ohio Supreme Court revisited the issue of whether employees are insured for purposes of UM/UIM coverage under their corporate employer's insurance policy.[1] In Galatis, the court limited the Scott-Pontzer decision, finding that a policy of insurance that names a corporation as an insured for UM/UIM coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. Id. at syllabus. The Galatis court further held that where a policy designates a corporation as a named insured, the designation of "family members" of the named insured does not extend coverage to a family member of an employee of the corporation, unless that employee is also a named insured, overruling Ezawa v. Yasuda Fire Marine Ins. Co. of Am.
(1999) 86 Ohio St.3d 557. Id.
 {¶ 10} In the case sub judice, the policy issued by Fireman's Fund named "Roundy's, Inc." as the named insured and the UM/UIM endorsement to the policy contained language identical to that in Scott-Pontzer.
However, pursuant to Galatis, Timothy Wood is not entitled to recover under his employer's policy since the loss did not occur within the scope of appellant's employment.
 {¶ 11} Furthermore, Timothy Wood's claim is predicated on an accident that involved his daughter, a family member. Since Timothy Wood was not named as an "insured" under the Roundy's, Inc. policy, the UM/UIM coverage for family members offered by the policy does not extend to him. Therefore, appellant is not entitled to UM/UIM coverage. We hold that the trial court did not err in granting summary judgment in favor of Fireman's Fund.
 {¶ 12} Accordingly, appellants' first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred when it held that neither appellant DebraNevergall nor her decedent Alyssa Wood were insureds entitled to theuninsured/underinsured motorists coverage expressly provided for underOHIC's business auto policy in the amount of $1,000,000.
 {¶ 13} The trial court, in the present case, analyzed the claims of both appellant Nevergall, individually, and the claims of the estate of Alyssa Wood. The trial court determined, with regard to Nevergall's claims, that the OHIC policy definition of "Who is an Insured" was identical to that found in Scott-Pontzer. Therefore, Nevergall, as an employee of Blanchard Valley, the named corporation, was an insured under the ambiguous definition of "you." The trial court then examined the extent of coverage. The judgment entry states in part:
The OHIC declarations page states that covered autos for the purpose of UM/UIM coverage are designated by the numeric symbol 2. The scope of coverage under symbol 2 includes: "`OWNED AUTOS ONLY.' Only those `autos' you own. This includes those `autos' you acquire ownership of after the policy begins."
Once the term "you" is deemed ambiguous it remains ambiguous throughout the interpretation of the policy. That is, the term "you" must include Debra Nevergall throughout the policy. (citation omitted). As a result, Debra Nevergall would be covered under the UM/UIM endorsement for the autos she owned. Since the accident involved an automobile owned by Earl Smith, not Mrs. Nevergall, she is precluded from recovery. It follows that Debra Nevergall is not entitled to seek UM/UIM benefits from OHIC for the damages she suffered as a result of the death of her daughter.
 {¶ 14} Next, the trial court considered the question of whether UM/UIM coverage extended to Alyssa Wood's estate and found that the estate would also be precluded from coverage because Alyssa was not driving a vehicle within the "symbol 2" definition at the time of her accident. The appellant, however, asserts that her daughter's estate is entitled to coverage pursuant to Ezawa v. Yasuda Fire and Marine Ins.Co. of America (1999), 86 Ohio St.3d 557, wherein the Ohio Supreme Court extended UM/UIM coverage to "family members" of employees, in accordance with Scott-Pontzer.
 {¶ 15} As previously stated herein, the Ohio Supreme Court recently limited Scott-Pontzer, finding its rationale applicable only when coverage is sought for a loss sustained by an employee of a corporation that occurs within the course and scope of employment and overruledEzawa to the extent that the designation of "family members" does not extend coverage to an employee of a corporation unless that employee is also a "named insured."
 {¶ 16} In the case at hand, the loss that appellant Debra Nevergall seeks coverage for did not occur within the course and scope of her employment. Therefore, she is not entitled to coverage under the OHIC business auto policy. Moreover, Debra Nevergall is not a "named insured" under the Blanchard Valley Health Association policy. Therefore, appellant Nevergall's "family members," hence, Alyssa Wood's estate, are not entitled to coverage under her employer's policy. We find the trial court did not err in granting summary judgment to OHIC.
 {¶ 17} Therefore, appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred when it held that neither appellant DebraNevergall nor her decedent Alyssa Wood were insureds entitled to theuninsured/underinsured motorists coverage provided for under OHIC'sumbrella liability policy in the amount of $8,000,000.
 {¶ 18} Appellants argue that even if appellant Nevergall and Alyssa Wood are not entitled to UM/UIM coverage under the business auto policy, they are nevertheless entitled to coverage under the umbrella liability policy as UM/UIM coverage arises by operation of law.
 {¶ 19} The trial court found that the OHIC policy was issued on March 22, 1998. As such, it was governed by the H.B. 261 version of R.C.3937.18, which mandates UM/UIM coverage for any "automobile liability or motor vehicle liability policy." Subsection (L)(2) of that statute includes "[a]ny umbrella liability policy of insurance" within the definition of "automobile liability or motor vehicle liability of insurance."
 {¶ 20} The Ohio Supreme Court has previously held that "the failure to properly offer or reject UM/UIM coverage results in coverage by operation of law with the limit equal to that of the liability provision."Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996) 76 Ohio St.3d 565,567. Appellants claim OHIC failed to produce any evidence that UM/UIM coverage was offered or that Blanchard Valley knowingly waived or rejected it, therefore, such coverage arises by operation of law. The trial court agreed with this contention. We, too, find that the record is devoid of any evidence to suggest that UM/UIM coverage was offered by OHIC or rejected by Blanchard Valley. Thus, UM/UIM coverage arises by operation of law. However, our inquiry does not end here as we must further determine whether appellant and/or the decedent are "insureds" under the policy and entitled to the UM/UIM coverage.
 {¶ 21} In Rall v. Johnson, Wyandot App. No. 16-02-13, 2003-Ohio-1373, we held that R.C. 3937.18 requires that UM/UIM coverage be offered only to those "insured" under the policy: "If we find [the plaintiff] was not an insured under the policies, then our inquiry is at an end." Id. at ¶ 12 (citation omitted). If a party does not qualify as an insured as defined in the umbrella liability policy or the underlying policy, then, as in the case before us, that party is not entitled to UM/UIM coverage by operation of law. Id.
 {¶ 22} Section B of the OHIC umbrella policy defines an "insured" first as the "named insured," in this case Blanchard Valley Health Association. This section also provides six definitions of an "insured." The OHIC umbrella policy does not, however, define an "insured" as "you," the definition found to be ambiguous in Scott-Pontzer. Moreover, the definitions of "insured" specifically provide for individuals, including executive officers, stockholders, directors and employees of Blanchard Valley Health Association. The policy language does not give rise to theScott-Pontzer ambiguity; rather, the definitions are clear and unambiguous. As such, the only "insureds" entitled to coverage are the "named insured" and any one else who falls within the other definitions of an "insured."
 {¶ 23} The applicable definition of an "insured" to the case at bar provides that an "insured" is "any executive officer, other employee, director or stockholder thereof while acting within the scope of his duties as such." The accident which gave rise to the case sub judice involved the decedent Alyssa Wood and her boyfriend, Earl Smith. Debra Nevergall, as an employee of Blanchard Valley Health Association, is provided for by the umbrella policy; however, as required by the policy's definition of an "insured," Nevergall must have been acting within the scope of her duties in order to be an "insured" under the umbrella policy. As stated above, appellant Nevergall was not directly involved in the accident and the damages she suffered from the death of her daughter did not arise from appellant's duties as an employee. Therefore, we find that appellant Nevergall does not qualify as an insured under the OHIC umbrella policy.
 {¶ 24} Furthermore, in defining an "insured," the umbrella policy makes no reference to "family members." "Where the provisions of an insurance policy are clear and unambiguous, courts may not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties." Wright v.Small, Seneca App. No. 13-02-34, 2003-Ohio-971, ¶ 8 (citation omitted). The decedent, Alyssa Wood, was the daughter of Nevergall, a Blanchard Valley Health Association employee. Therefore, we find that Alyssa, as a family member, is not an "insured" under the umbrella policy.
 {¶ 25} In accordance with the language contained in the umbrella liability policy, we do not find that the trial court erred in denying UM/UIM coverage to appellant and decedent because neither qualifies as an "insured" as defined by the OHIC umbrella liability policy and, as previously discussed herein, do not qualify as "insureds" pursuant to the underlying policy.
 {¶ 26} Appellant's third assignment of error is overruled.
 {¶ 27} For the reasons stated herein, the judgment of the Hancock County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.
[1] The Galatis decision was released November 5, 2003, several months after the trial court's judgment was issued.