[Cite as *Gallagher Sharp, L.L.P. v. Miller Goler Faeges Lapine, L.L.P.*, 2019-Ohio-2113.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

GALLAGHER SHARP, L.L.P.,              :

    Plaintiff-Appellee,              :

                                 No. 107483

    v.              :

MILLER GOLER FAEGES LAPINE,           :
L.L.P., ET AL.,

    Defendants-Appellants.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 30, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-869606

---

## *Appearances:*

Gallagher Sharp, L.L.P., Richard C.O. Rezie, Theresa A. Richthammer, and Iva M. Cindric, *for appellees.*

Gibbs Law Firm, P.A., and Kimberly Y. Smith Rivera, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendants-appellants, Miller Goler Faeges Lapine, L.L.P. ("MGFL") and Robert Schwartz (collectively "defendants") appeal from the trial court's order granting summary judgment to plaintiff-appellee, Gallagher Sharp, L.L.P. ("Gallagher Sharp").[1] They raise four assignments of error for our review:

> 1. The trial court erred in granting summary judgment to Gallagher on its breach of contract count because there was no contract between Gallagher [Sharp] and MGFL.
>
> 2. The trial court erred in granting summary judgment to Gallagher [Sharp] on its breach of contract count because Schwartz was not an "insured" under the insurance policy at issue.
>
> 3. The trial court erred in granting summary judgment to Gallagher [Sharp] on its breach of contract count because the court failed to construe the insurance policy in favor of the policyholder.
>
> 4. The trial court erred in denying summary judgment to MGFL on Gallagher [Sharp]'s breach of contract count because there was no contract and there was no breach.

{¶ 2} Finding no merit to its assignments of error, we affirm.

---

[1] This appeal is a companion case to the appeal in *Gallagher Sharp, L.L.P. v. Schwartz*, 8th Dist. Cuyahoga No. 107493. In its appeal, Gallagher Sharp raises one assignment of error: "The trial court erred when it denied Plaintiff-Appellant Gallagher Sharp LLP's motion for summary judgment against Defendant-Appellee Robert D. Schwartz and found that claim against him moot in light of the judgment entered against [MGFL]."

## I. Procedural History and Factual Background

### A. Schwartz's employment with MGFL

{¶ 3} Schwartz began working for MGFL as "of counsel" on August 15, 2006.[2] As part of the arrangement, MGFL agreed to provide Schwartz with "professional liability coverage for current acts during the time of [his] affiliation[.]"

{¶ 4} During his time with MGFL, Schwartz represented Quirino DiPaolo in litigation related to DiPaolo's construction business. The first case was filed in Montgomery C.P. No. 2007 CV 05589 ("the Montgomery County case") against DiPaolo and his business in July 2007, and Schwartz entered an appearance by filing responsive pleadings — specifically a stipulation for leave to plead and an answer to the complaint — in that case in August and September 2007. A second case was filed against DiPaolo and his business in October 2007 in Cuyahoga C.P. No. CV-07-639473 ("the Cuyahoga County case").

{¶ 5} On October 15, 2007, Schwartz ended his "of counsel" relationship with MGFL.

{¶ 6} On December 1, 2007, Schwartz and MGFL attorney, Steven Miller, met with DiPaolo regarding his litigation. After that meeting, on December 14, 2007, MGFL sent a letter to DiPaolo stating that the firm would not represent him in the cases related to DiPaolo's business. Miller, however, filed two motions for extension of time in the Cuyahoga County case, on December 3 and 19, 2007. On

---

[2] In its brief, MGFL states that "[w]hen Schwartz first affiliated with the firm, the firm name was Miller Goler Faeges LLP[,] * * * [but] was subsequently changed to" its current name.

those motions, Miller noted that Miller was not appearing on behalf of DiPaolo, "but merely presenting this Motion to protect and preserve [DiPaolo's] right and opportunity to respond to the Complaint." Miller also filed a notice of counsel's change of address on December 21, 2007, in the Montgomery County case. No pleadings after that time were filed on behalf of DiPaolo in the case against him.

{¶ 7} On February 21, 2008, the plaintiff suing DiPaolo in the Cuyahoga County case moved for default judgment against DiPaolo and his company, and the trial court held a hearing, during which DiPaolo and his counsel failed to appear, and the trial court awarded the plaintiff default judgment. In February 2009, DiPaolo moved through different counsel to vacate the default judgment based on inexcusable neglect. The trial court denied his motion. DiPaolo appealed that decision in *CB Group, Inc. v. Starboard Hospitality, L.L.C.*, 8th Dist. Cuyahoga No. 93387, 2009-Ohio-6652. In December 2009, we agreed with DiPaolo on appeal and reversed the trial court's decision, ordering it to grant DiPaolo relief from judgment under Civ.R. 60(B). Specifically, we found that Schwartz and MGFL attorney Steven Miller "abandoned their representation of him" and that those actions constituted inexcusable neglect. *Id.* at ¶ 19-26. Thus, the default judgment was vacated and the matter returned to the trial court for further proceedings.

{¶ 8} On June 3, 2008, a judgment for the amount of $271,935.52 plus interest was entered against DiPaolo in the Montgomery County case after the plaintiff moved for partial summary judgment. DiPaolo moved to vacate that

judgment based on Schwartz's neglect, but the trial court overruled his motion in September 2009.

### B. DiPaolo's Malpractice Lawsuit Against Schwartz and MGFL

{¶ 9} Based on the two judgments entered against him, in February 2009, DiPaolo filed a complaint against Schwartz and "Doe Law Firm L.L.P." in Trumbull C.P. No. 2009 CV 547 ("the Trumbull County case"). DiPaolo alleged that Schwartz worked for Doe Law Firm L.L.P. and that Schwartz as well as "other principals" from Doe Law Firm L.L.P. represented him in certain litigation. DiPaolo alleged that Doe Law Firm L.L.P. and Schwartz committed legal malpractice in the form of client abandonment for the default judgments awarded in the cases in Montgomery and Cuyahoga counties, and sought damages of at least $25,000, as well as attorney fees, interests, and costs.

{¶ 10} In March 2009, MGFL's insurance carrier, Chubb Group of Insurance Companies ("Chubb") received notice of DiPaolo's action. MGFL obtained an insurance policy ("the Policy") with Chubb in April 2008.

{¶ 11} The Policy is a "claims made policy, which applies only to 'claims' first made during the 'policy period[.]'" The policy period was from April 15, 2008 through April 15, 2009. The Policy referred to MGFL as "the Firm" and to Chubb as "the Company," and it included the following relevant provisions and definitions:

> **Claim** means * * * a written demand or written request for monetary damages or non-monetary relief [or] * * * a civil proceeding commenced by the service of a complaint or similar pleading * * * against an **Insured** for a **Wrongful Act**[.]

**Defense Costs** means that part of **Loss** consisting of reasonable costs, charges, fees (including attorneys' fees * * *) and expenses * * * incurred in defending any **Claim**[.] * * *

**Insured** means the **Firm** and any **Insured Person,**

**Insured Person** means any natural person * * * who was, now is or shall become designated (as evidenced in the Firms' records) as counsel or of counsel by the Firm * * * but only while acting in his * * * capacity as such.

**Loss** means the amount that an **Insured** becomes legally obligated to pay as a result of any covered **Claim**, including but not limited to damages * * *, judgments, settlements, pre-judgment and post-judgment interest and **Defense Costs**. * * *

**Wrongful Act** means any actual or alleged act, error or omission committed, attempted, or allegedly committed or attempted, solely in the performance of or failure to perform **Professional Services** by the **Firm** or by an **Insured Person** acting in his * * * capacity as such on behalf of the **Firm**.

(Emphasis sic.)

The Policy contained the following Insuring Clause: "[Chubb] shall pay Loss on behalf of an Insured on account of any Claim first made against such Insured during the Policy Period * * * for a Wrongful Act committed by the Insured before or during the Policy Period." It also contained the following "Retention Amount" provision:

The Company's liability under this Policy shall apply only to that part of covered **Loss** on account of each Claim * * * which is excess of the applicable Retention Amount[, $50,000.] * * * In the event that any Insured Person is unwilling or unable to bear the Retention Amount it shall be the obligation of the Firm to bear such Retention Amount uninsured and at its own risk.

(Emphasis sic.)

Additionally, the policy contained a "Defense and Settlement" provision in the Ohio Small Law Firm Endorsement attached to the policy:

> The Company shall have the right and duty to defend any **Claim** covered by this Policy. Coverage shall apply even if any of the allegations are groundless, false or fraudulent. The Company shall assign counsel to defend the **Insured**.

(Emphasis sic.)

{¶ 12} In April 2010, DiPaolo amended his complaint in the Trumbull County case, substituting MGFL for Doe Law Firm L.L.P.

{¶ 13} Pursuant to the policy, Chubb determined that the claims against Schwartz and MGFL were covered, and Chubb retained Gallagher Sharp to represent Schwartz in DiPaolo's malpractice action, the Trumbull County case. Gallagher Sharp filed a notice of appearance on behalf of Schwartz in June 2010. In January 2012, the claims against Schwartz ended in a settlement, and the case was dismissed. MGFL represented itself in the action and was dismissed in September 2010 based on statute-of-limitations grounds.

{¶ 14} In March 2011, Gallagher Sharp sent Chubb an invoice for its representation of Schwartz, which Chubb then forwarded to MGFL. MGFL refused payment in a letter to Gallagher Sharp, claiming that it was not obligated to pay Gallagher Sharp's invoice.

{¶ 15} Gallagher Sharp directly contacted MGFL about payment of its invoice in March 2011, April 2011, and February 2012. MGFL continued to refuse to pay.

{¶ 16} In March 2012, MGFL sent a letter to Chubb claiming that Schwartz was not an "Insured Person" and was not covered under the policy and, therefore, that MGFL was not required to pay Gallagher Sharp's invoice.

{¶ 17} In May 2012, a senior claims officer from Chubb sent a letter to MGFL about Gallagher Sharp's outstanding legal fees and expenses and stated that "[p]ayment of [Gallagher Sharp's] fees and expenses is the responsibility of the Insureds." Chubb's letter also stated that Schwartz was an "Insured Person" under the policy and that the policy covered the allegations against Schwartz because

> Plaintiff in the DiPaolo action expressly alleged that Mr. Schwartz "*was an employee, agent, principal or associate of* [*MGFL*] *at all times material.*" Moreover, the complaint alleges, among other things, that Defendants (including Mr. Schwartz): (a) failed to clearly disclose his relationship with [MGFL]; (b) failed to take reasonable steps to notify Plaintiff of the status of the pending litigation; (c) failed to clearly advise Plaintiff of the extent of Defendants' representation; (d) failed to clearly inform Plaintiff of the legal consequences of not filing responsive pleadings; (e) failed to take reasonable steps to protect Plaintiff's interest in pending litigation after apparently undertaking a duty to do so. Nothing in Plaintiff's Complaint suggests that these allegations are limited to the time period after Mr. Schwartz's departure from [MGFL], and the Complaint cannot reasonably be so interpreted.

The letter maintained that under the Policy, MGFL was "obligated to pay any portion of the retention that Mr. Schwartz may be unwilling or unable to pay" and that MGFL's "prompt payment to Gallagher Sharp of $42,634.51 * * * will satisfy [MGFL's] contractual retention obligation."

**C. Gallagher Sharp Sues MGFL for Payment**

{¶ 18} On September 26, 2016, Gallagher Sharp filed a complaint against MGFL and Schwartz for one count of breach of contract and one count of unjust enrichment, requesting $39,117 plus interest in Cuyahoga C.P. No. CV-16-869606. Gallagher Sharp alleged that defendants "engaged [Gallagher Sharp] through a policy of professional liability insurance to provide legal services to and for the benefit of [defendants] with respect to a malpractice action filed against [defendants]." Gallagher Sharp alleged that it "was engaged to provide services to [defendants] pursuant to a policy of Insurance issued by non-party Chubb Insurance." Gallagher Sharp stated that defendants failed to pay the retainer and deductible amounts under the insurance policy, thereby breaching the contract and becoming unjustly enriched.

{¶ 19} MGFL initially moved to dismiss the complaint. The trial court denied its motion.

{¶ 20} Schwartz and MGFL filed separate answers, and MGFL also filed a counterclaim against Gallagher Sharp for abuse of process and frivolous conduct and sought compensatory damages in excess of $25,000 with interest, punitive damages, attorney fees, and other appropriate relief.

{¶ 21} Gallagher Sharp filed a motion to dismiss MGFL's counterclaim, which the trial court denied. Gallagher Sharp subsequently filed an answer to MGFL's counterclaim.

{¶ 22} MGFL filed a motion for summary judgment on Gallagher Sharp's claims against it. Gallagher Sharp also filed a motion for summary judgment on its claims against MGFL as well as a motion for summary judgment on its claims against Schwartz and a motion for summary judgment as to MGFL's counterclaim. The parties opposed each other's motions. Schwartz did not file a motion for summary judgment, but did oppose Gallagher Sharp's motion on the claims against him.

{¶ 23} In June 2018, the trial court issued a journal entry and opinion. It first granted summary judgment to Gallagher Sharp on its claims against MGFL. The trial court found that, based on the definitions and terms under the Chubb Insurance Policy, "MGFL is responsible to pay the attorneys' fees of Gallagher [Sharp] as an included loss under the Chubb Policy." It stated, "There is no question that Chubb under the Ohio Small Law Firm Endorsement, chose counsel to represent Schwartz, that there was no objection lodged by MGFL to that appointment and that Gallagher [Sharp] performed legal services in defending and settling the case." As a result, the trial court granted judgment to Gallagher Sharp against MGFL in the amount of $39,117 "with interest at the legal rate with court costs to [MGFL]."

{¶ 24} The trial court denied Gallagher Sharp's motion for summary judgment against Schwartz "because [Schwartz] was not the policyholder but only an included insured under the Chubb Policy and [because] it is rendered moot by [the grant of summary judgment to Gallagher on its claims against MGFL]."

{¶ 25} Finally, the trial court dismissed MGFL's counterclaim against Gallagher Sharp "with prejudice in its entirety." It found that that Gallagher Sharp's lawsuit had a "legitimate basis" and that there was no frivolous conduct or abuse of process.[3]

{¶ 26} It is from this judgment that MGFL now appeals. On appeal, Gallagher Sharp also raises a cross-assignment of error, stating that it was entitled to summary judgment against MGFL under an unjust-enrichment theory.[4]

## II. Law and Analysis

{¶ 27} In all of its assignments of error, MGFL challenges the trial court's order granting Gallagher Sharp summary judgment on Gallagher Sharp's claims against it. MGFL argues that the trial court's order granting summary judgment to Gallagher Sharp was improper because (1) there was no contract between MGFL and Gallagher Sharp, (2) Schwartz was not an "Insured" under MGFL's insurance policy, (3) even if there was a contract, MGFL did not breach it, and (4) the trial court failed to construe the contract in favor of MGFL, the policyholder.

---

[3] MGFL filed a motion for stay of execution of judgment and any proceedings to enforce judgment pending appeal, which the trial court granted.

[4] Gallagher Sharp also appealed, challenging the trial court's decision denying it summary judgment against Schwartz; however, this appeal only concerns the grant of summary judgment to Gallagher Sharp on its claims against MGFL. *See* companion case, *Gallagher Sharp,* 8th Dist. Cuyahoga No. 107493.

## A. Standard of Review

{¶ 28} An appellate court reviews a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). De novo review means that this court independently "examine[s] the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980). In other words, we review the trial court's decision without according the trial court any deference. *Smith v. Gold-Kaplan*, 8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, ¶ 9, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997).

{¶ 29} Under Civ.R. 56(C), summary judgment is properly granted when (1) "there is no genuine issue as to any material fact"; (2) "the moving party is entitled to judgment as a matter of law"; and (3) "reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made[.]" *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Because it ends litigation, courts should carefully award summary judgment only after resolving all doubts in favor of the nonmoving party and finding that "reasonable minds can reach only an adverse conclusion" against the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

**{¶ 30}** "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party. Once the moving party has met his burden, it is the nonmoving party's obligation to present evidence on any issue for which that party bears the burden of production at trial." *Robinson v. J.C. Penney Co.*, 8th Dist. Cuyahoga Nos. 62389 and 63062, 1993 Ohio App. LEXIS 2633, 14 (May 20, 1993), citing *Harless* and *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991). "The moving party is entitled to summary judgment if the nonmoving party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Brandon/Wiant Co. v. Teamor*, 125 Ohio App.3d 442, 446, 708 N.E.2d 1024 (8th Dist.1998), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### C. Contract

**{¶ 31}** In its first assignment of error, MGFL argues that the trial court erred in granting summary judgment to Gallagher Sharp because there was no contract between it and Gallagher Sharp. In its second assignment of error, MGFL argues that the trial court's order granting summary judgment was improper because Schwartz was not an "Insured Person" under the Policy. Because both assignments of error concern whether a contract exists, we will discuss them together.

**{¶ 32}** "It is well established that a contract is binding only upon the parties to the contract and those in privity with them and that an action for breach of contract can be maintained only by the parties to the contract or those deriving

rights from the contracting parties." *Ohio Savs. Bank v. H.L. Vokes Co.*, 54 Ohio App. 68, 71, 560 N.E.2d 1328 (8th Dist.1989), citing *Cincinnati, Hamilton & Dayton R.R. Co. v. Bank*, 54 Ohio St. 60, 42 N.E. 700 (1896). "[F]or a third party to maintain an action for breach of contract, the nonsignatory must be an intended third-party beneficiary of the agreement." *Cleveland-Akron-Canton Advertising Coop. v. Physician's Weight Loss Ctrs. of Am.,* 184 Ohio App.3d 805, 2009-Ohio-5699, 922 N.E.2d 1012, ¶ 19 (8th Dist.), citing *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 701 N.E.2d 383 (12th Dist.1997). "Ohio cases have held that a third-party beneficiary may maintain an action based upon the contract which contains the promise for his benefit." *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193, 196, 299 N.E.2d 295 (8th Dist.1973).

{¶ 33} "Courts generally presume that a contract's intent resides in the language the parties chose to use in the agreement." *Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 2011-Ohio-5083, 957 N.E.2d 3, ¶ 12, citing *Shifrin v. Forest City Ents., Inc.*, 64 Ohio St.3d 635, 597 N.E.2d 499 (1992). "Ohio law thus requires that for a third party to be an intended beneficiary under a contract, there must be evidence that the contract was intended to directly benefit that third party. Generally, the parties' intention to benefit a third party will be found in the language of the agreement." *Id.* "The third party need not be named in the contract, as long as he is contemplated by the parties to the contract and sufficiently identified. Nor need the third party accept the contract, or even acknowledge its existence." *Chitlik* at 196.

{¶ 34} In *Huff,* the Ohio Supreme Court adopted the "intent to benefit" test to determine whether a party is an intended beneficiary of a contract. Under that test,

> "if the promisee intends that a third party should benefit from the contract, then that third party is an 'intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an 'incidental beneficiary,' who has no enforceable rights under the contract." *Id.* at ¶ 11, quoting *Norfolk & Western Co. v. United States*, 641 F.2d 1201 (6th Cir.1980).

{¶ 35} While Gallagher Sharp did not sign and is not specifically named in the policy, the policy clearly obligates MGFL to pay the retention amount, which includes defense costs and attorney fees, when a claim for a wrongful act is filed against the firm or an insured person. To reiterate, the policy contained the following retention amount provision, which stated:

> [Chubb's] liability under this Policy shall apply only to that part of covered Loss on account of each Claim * * * which is excess of the applicable Retention Amount[, $50,000.] * * * In the event that any Insured Person is unwilling or unable to bear the Retention Amount it shall be the obligation of [MGFL] to bear such Retention Amount uninsured and at its own risk.

The policy defined "Defense Costs" as

> "that part of Loss consisting of reasonable costs, charges, fees (including attorneys' fees * * *) and expenses * * * incurred in defending any Claim" and defined "Loss" as "the amount that an Insured becomes legally obligated to pay as a result of any covered Claim, including but not limited to damages * * *, judgments, settlements, pre-judgment and post-judgment interest and Defense Costs."

{¶ 36} By agreeing that MGFL would pay for defense costs and attorney fees, MGFL and Chubb intended to benefit the attorney(s) representing either MGFL or

an insured person when a claim arose. Further, the policy was a professional liability policy, the entire purpose of which was to insure MGFL and its insured persons against claims of malpractice. To do that, MGFL and Chubb agreed that Chubb would "assign counsel to defend the Insured" and that MGFL would pay the retention amount. That agreement reflects that MGFL and Chubb contemplated that the attorney(s) defending MGFL or its insured persons (Schwartz) would be paid for, i.e., benefit from, its representation. Accordingly, we find that Gallagher Sharp is a third-party intended beneficiary and, therefore, has enforceable rights under the policy.

{¶ 37} In support of its position that Gallagher Sharp is not an intended beneficiary, MGFL cites to *Old Republic Ins. Co. v. Sidley & Austin*, 702 F.Supp. 207 (N.D.Ill.1988). While *Old Republic* supports MGFL's position, we decline to follow that court's decision. *Old Republic* interpreted Illinois contract law, not Ohio contract law, and faced a dissimilar set of circumstances to that in this case. Further, we disagree with *Old Republic's* analysis of intended third-party beneficiary law. We find that the policy in this case establishes that Gallagher Sharp is a third-party beneficiary and has enforceable rights under the policy. Gallagher Sharp represented Schwartz pursuant to the insurance policy, and it is entitled to payment pursuant to the insurance policy.

{¶ 38} It is also clear from the policy that Schwartz is an "Insured Person." MGFL's argument to the contrary centers on the fact that Schwartz was not "of counsel" and unaffiliated with MGFL during the wrongful acts that DiPaolo sued for

and, therefore, was not an insured person and not eligible for coverage under the policy. MGFL's argument, however, relates to whether Schwartz was covered under the policy or whether Chubb had a duty to defend Schwartz, a determination that was left to Chubb. Chubb found that DiPaolo's February 2009 claim in the Trumbull County case triggered coverage for Schwartz under MGFL's policy, even though MGFL claimed that Schwartz was not an "Insured Person" under the insurance policy in a letter on March 21, 2012. In fact, Chubb disagreed with MGFL's interpretation of the contract in its responsive May 14, 2012 letter to MGFL, stating:

> The March 21 Letter asserts that Mr. Schwartz was not in any way affiliated with, or acting in the name or on behalf of [MGFL] at the time of the actions complained of. However, Plaintiff in the DiPaolo action expressly alleged that Mr. Schwartz "*was an employee, agent, principal or associate of* [*MGFL*] *at all times material.*" Moreover, the complaint alleges, among other things, that Defendants (including Mr. Schwartz): (a) failed to clearly disclose his relationship with [MGFL]; (b) failed to take reasonable steps to notify Plaintiff of the status of the pending litigation; (c) failed to clearly advise Plaintiff of the extent of Defendants' representation; (d) failed to clearly inform Plaintiff of the legal consequences of not filing responsive pleadings; (e) failed to take reasonable steps to protect Plaintiff's interest in pending litigation after apparently undertaking a duty to do so. Nothing in Plaintiff's Complaint suggests that these allegations are limited to the time period after Mr. Schwartz's departure from [MGFL], and the Complaint cannot reasonably be so interpreted.

> In light of the foregoing, contrary to your assertion in the March 21 Letter, Mr. Schwartz *is* an Insured Person, the matters alleged in the DiPaolo Action *do* involve Professional Services, and the DiPaolo Action *did* assert a Wrongful Act, as those terms are defined in the Policy. Accordingly, the DiPaolo Action *did* constitute a Claim against Mr. Schwartz triggering coverage under the Policy. Gallagher Sharp defended Mr. Schwartz pursuant to that coverage.

> You also stated in the March 21 Letter that "it appears that Chubb paid Gallagher Sharp[.]" In fact, Chubb has not paid these fees and expenses

sought by Gallagher Sharp.  Payment of these fees and expenses is the responsibility of the Insureds.

(Emphasis sic.)

{¶ 39} Furthermore, whether Schwartz was entitled to coverage under MGFL's insurance policy is not at issue.  Whether the coverage was, in fact, appropriate was something that MGFL could have resolved through a declaratory judgment action.  MGFL, however, did not file such an action or seek such a declaration before Chubb hired Gallagher Sharp to represent Schwartz and before Gallagher Sharp incurred attorney fees and expenses related to that representation.  To the extent that MGFL argues that it had no notice that Chubb hired Gallagher Sharp, MGFL knew that Chubb was required to "assign counsel to defend the Insured" under the policy.  Further, Gallagher Sharp entered an appearance on behalf of Schwartz in the malpractice action on June 2010, two months after MGFL was named as a defendant in that action, and participated in the proceedings three months before MGFL's motion to dismiss was granted.

{¶ 40} Finally, we agree with Chubb's determination of coverage.

> Where the insurer's duty to defend is not apparent from the pleadings in the action against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim.

*Willoughby Hills v. Cincinnati Ins. Co.*, 9 Ohio St.3d 177, 177, 459 N.E.2d 555 (1984).  "The duty to defend is further heightened when the insurer expressly states

that it will defend claims that are groundless, false, or fraudulent." *Sharonville v. Am. Emp. Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833, ¶ 13.

{¶ 41} Here, DiPaolo's complaint alleged that Schwartz and MGFL committed wrongful acts before and during the policy period. The policy is clear that "Insured Person" included "any natural person * * * who was * * * designated * * * as 'counsel' or 'of counsel' by the Firm." Schwartz was designated by MGFL as "of counsel" in August 2006. Further, as the trial court noted, the claim against Schwartz was made during the policy period, and the policy was a "claims policy" which applied to "claims first made during the policy period" "regardless of the date or dates of the alleged occurrence" of malpractice. In fact, the insurance clause in the policy states that the policy covers "a Wrongful Act committed by the Insured *before* or during the Policy Period" and that the "[c]overage shall apply even if any of the allegations are groundless, false or fraudulent." (Emphasis added.) Therefore, we find that Schwartz was an "Insured Person," his alleged wrongful acts were covered under the policy, and Chubb had a duty to defend Schwartz.

{¶ 42} The central issue, therefore, is who is responsible for paying Gallagher Sharp. The policy is clear that MGFL must pay the retention amount if Schwartz is unable or unwilling to pay.[5] Chubb retained Gallagher Sharp to represent Schwartz, an "insured person" under the policy. Therefore, MGFL is required to pay Gallagher Sharp's attorney fees if Schwartz is unable or unwilling to pay.

---

[5] MGFL does not argue on appeal that Schwartz is able or willing to pay the retention amount.

{¶ 43} We find that the policy's requirement that MGFL (or Schwartz) pay for attorney fees evidences Chubb's and MGFL's intent to benefit Gallagher Sharp. The payment of those attorney fees constitutes a benefit to Gallagher Sharp. Without finding that Gallagher Sharp is a third-party beneficiary, it would seem impossible for Gallagher Sharp to obtain the payment for its representation.

{¶ 44} Accordingly, we find no genuine issues of material fact and overrule MGFL's first and second assignments of error. We also overrule MGFL's fourth assignment of error to the extent it relies on the argument that there was not a contract between MGFL and Gallagher Sharp because, as discussed above, Gallagher Sharp is an intended third-party beneficiary and has enforceable rights under the policy.

### D. Breach

{¶ 45} In its fourth assignment of error, MGFL argues that because there was no contract between Gallagher Sharp and MFGL, there was no breach.

{¶ 46} We previously found, however, that Gallagher Sharp was a third-party intended beneficiary under the Chubb insurance contract and therefore had enforceable rights under the policy. By refusing to pay Gallagher Sharp's invoice for its representation of Schwartz, which Gallagher Sharp was retained to do pursuant to the insurance contract, MGFL breached its duty to pay for the retention amount that Schwartz was unable or unwilling to pay.

**{¶ 47}** Accordingly, we find no genuine issues of material fact and overrule MGFL's fourth assignment of error to the extent that it argues that it did not breach its contractual duties.

### E. Construing Insurance Policy in Favor of MGFL

**{¶ 48}** In its third assignment of error, MGFL argues that, "to the extent that an ambiguity could be found in the [insurance policy's language]," the trial court erred in granting summary judgment to Gallagher Sharp on its claim for breach of contract because the trial court failed to construe the Chubb Insurance policy in favor of the policyholder, MGFL.

**{¶ 49}** We have previously recognized that "'[w]here the terms of an insurance policy are clear and unambiguous, those terms must be applied to the facts without engaging in any construction. * * * In other words, the plain meaning of unambiguous language will be enforced as written.'" *Ledyard v. Auto Wonders Mut. Ins. Co.*, 137 Ohio App.3d 501, 505, 739 N.E.2d 1 (8th Dist.2000), quoting *Nationwide Mut. Ins. Co.*, 112 Ohio App.3d 712, 679 N.E.2d 1189 (9th Dist.1996).

> Insurance policies are generally interpreted by applying rules of contract law. *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St. 3d 84, 89, 545 N.E.2d 83. If the language of the insurance policy is doubtful, uncertain, or ambiguous, the language will be construed strictly against the insurer and liberally in favor of the insured. *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St. 3d 34, 508 N.E.2d 949. However, the general rule of liberal construction cannot be employed to create an ambiguity where there is none. *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St. 3d 163, 166-167, 462 N.E.2d 403. If the terms of a policy are clear and unambiguous, the interpretation of the contract is a matter of law. *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321, 474 N.E.2d 271.

*Id.*

**{¶ 50}** MGFL does not point to any part of the Chubb insurance policy that is ambiguous, and after review, we find nothing ambiguous about the policy. MGFL seems to argue that because the trial court "failed in its duty to give effect to the unambiguous language of the Policy and intent of the parties[,]" it thereby "construed the Policy against MGFL and reached the unreasonable conclusion that MGFL must pay Gallagher's fees for defending Schwartz for his alleged acts after his departure from MGFL." We disagree.

**{¶ 51}** As stated above, the policy unambiguously requires MGFL to pay the retention amount, which includes defense costs and attorney fees, if Schwartz is unable or unwilling to cover the costs himself. The trial court's reading of the insurance policy's plain language was reasonable in our view and nothing from the trial court's opinion suggests that it found any ambiguity or construed anything against MGFL.

**{¶ 52}** Accordingly, we find no genuine issues of material fact and overrule MGFL's third assignment of error.

**{¶ 53}** Judgment affirmed. In light of our affirmance, we find that Gallagher Sharp's cross-assignment of error arguing that it was entitled to summary judgment under a theory of unjust enrichment is moot.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
RAYMOND C. HEADEN, J., CONCUR