[Cite as *Gallagher Sharp,
L.L.P. v. Miller Goler Faeges Lapine, L.L.P.*, 2019-Ohio-3508.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

GALLAGHER SHARP, L.L.P.,            :

    Plaintiff-Appellant,            :

                                  No. 107493

    v.            :

MILLER GOLER FAEGES LAPINE            :
L.L.P., ET AL.,

    Defendants-Appellees.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-869606

---

***Appearances:***

Gallagher Sharp, L.L.P., Richard C.O. Rezie, and
Theresa A. Richthammer, *for appellant.*

Robert D. Schwartz, *pro se.*

RAYMOND C. HEADEN, J.:

{¶ 1}    Plaintiff-appellant Gallagher Sharp L.L.P. ("Gallagher") appeals from

the trial court's order denying Gallagher's motion for summary judgment against

defendant-appellee Robert D. Schwartz ("Schwartz") because the claims against

Schwartz were moot.[1]  For the reasons that follow, we affirm, albeit on other grounds.

## Statement of the Facts

{¶ 2}  Schwartz was "of counsel" with the law firm Miller Goler Faeges Lapine ("MGFL").[2]  As part of his employment package, MGFL provided professional liability insurance to Schwartz.

{¶ 3}  During his employment with MGFL, Quirino DiPaolo ("DiPaolo") was a client of Schwartz.  In February 2009, DiPaolo brought suit against Schwartz and a "Doe" legal firm alleging legal malpractice, subsequently amending the complaint in April 2010 to identify MGFL as the "Doe" legal firm.  MGFL held professional liability insurance with Chubb Group of Insurance Companies ("Chubb") and Schwartz was an insured under the Chubb policy.  Pursuant to the terms of the insurance policy, Chubb retained Gallagher to defend Schwartz in the legal malpractice claim while MGFL opted to provide its own defense.  Gallagher's legal services to Schwartz resulted in a bill totaling $39,117.  To date, Schwartz has not paid the bill.

{¶ 4}  On September 26, 2016, Gallagher filed suit under breach of contract and unjust enrichment seeking compensation from Schwartz and MGFL.  Following

---

[1] This appeal is a companion case to the appeal in *Gallagher Sharp, L.L.P. v. Miller Goler Faeges Lapine, L.L.P.,* 8th Dist. Cuyahoga No. 107483, 2019-Ohio-2113.

[2] In its brief, MGFL states that "[w]hen Schwartz first affiliated with the firm, the firm name was Miller Goler Faeges LLP[,] * * * [but] was subsequently changed to" its current name of Miller Goler Faeges Lapine.

discovery, Gallagher and MGFL filed motions for summary judgment. The trial court granted Gallagher's motion for summary judgment against MGFL on breach of contract. The trial court denied Gallagher's motion for summary judgment against Schwartz because Schwartz was not the policyholder, but only an included insured under the Chubb policy, and the issue was rendered moot when summary judgment was granted against MGFL.

{¶ 5} Gallagher filed this timely appeal on July 30, 2018. MGFL also appealed the granting of Gallagher's motion for summary judgment against MGFL. On August 1, 2018, this court sua sponte ordered that the appeals filed by Gallagher against Schwartz and MGFL be treated as companion appeals. Specifically, the court ordered that the cases share the trial court record, but be briefed, argued, and disposed of separately by the same merit panel.[3]

{¶ 6} For the following reasons, we affirm the decision of the trial court.

## Law and Analysis

{¶ 7} Gallagher appeals the trial court's decision denying its motion for summary judgment against Schwartz and finding all issues moot based upon the court's granting summary judgment against MGFL. Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate "when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law,

---

[3] In the companion case, *Gallagher Sharp, L.L.P.*, 8th Dist. Cuyahoga No. 107483, 2019-Ohio-2113, we affirmed the lower court's judgment granting Gallagher's motion for summary judgment against MGFL.

and, (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party." *Marusa v. Erie Ins. Co.,* 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359, 604 N.E.2d 138 (1992).

{¶ 8} Gallagher filed a complaint against MGFL and Schwartz seeking to recover their costs for the legal services provided by Gallagher to Schwartz. This appeal considers only the action against Schwartz; the action against MGFL has been decided in our companion case. Chubb retained Gallagher to provide legal services for Schwartz in the DiPaolo legal malpractice case. Gallagher now argues that Schwartz is responsible for its outstanding legal fees incurred while defending Schwartz. We must look to the insurance policy to determine whether Schwartz is responsible for payment of Gallagher's invoice.

{¶ 9} The interpretation of an insurance policy is a question of law appropriate for summary judgment. If the insurance policy is clear and unambiguous, it should be given its plain and ordinary meaning. *Sarmiento v. Grange Mut. Cas. Co.*, 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, ¶ 9, citing *Gomolka v. State Auto Mut. Ins. Co.*, 70 Ohio St.2d 166, 167-168, 436 N.E.2d 1347 (1982). Relevant portions of the Chubb policy read as follows:

**Insured** means the Firm and any Insured Person.

**Claim** means:
(1) Any of the following:
  a. A written demand or written request for monetary damages or non-monetary relief;
  b. A written demand for arbitration;
  c. A civil proceeding commenced by the service of a complaint or similar pleading; or
  d. A formal civil administrative or civil regulatory proceeding (including a disciplinary or grievance proceeding before a court or bar association) commenced by the filing of a notice of charges or similar document or by the entry of a formal order of investigation or similar document,

  against an **Insured** for a **Wrongful Act**, including any appeal therefrom; * * *

* * *

**Loss** means the amount that an **Insured** becomes legally obligated to pay as a result of any covered **Claim**, including but not limited to damages (including punitive or exemplary damages if and to the extent that such punitive or exemplary damages are insurable under the law of the jurisdiction most favorable to the insurability of such damages, provided such jurisdiction has a substantial relationship to the relevant **Insured**, to the Company, or to the **Claim** giving rise to the damages), judgments, settlements, pre-judgment and post-judgment interest and **Defense Costs**.

**Defense Costs** mean that part of **Loss** consisting of reasonable costs, charges, fees (including attorneys' fees and experts' fees) and expenses (other than regular or overtime wages, salaries, fees, overhead or benefits of any **Insured**) incurred in defending any **Claim** and the premium for appeal, attachment or similar bonds; provided that the Company will have no obligation to procure or provide any bonds.

**RETENTION AMOUNT**

The Company's liability under this Policy shall apply only to that part of covered **Loss** on account of each **Claim** (other than a disciplinary or grievance proceeding) which is excess of the applicable Retention Amount set forth in ITEM 5 of the Declarations. Such Retention Amount shall be depleted only by **Loss** otherwise covered under this

Policy and shall be borne by the **Insured** uninsured and at their own risk. In the event that any **Insured Person** is unwilling or unable to bear the Retention Amount it shall be the obligation of the **Firm** to bear such Retention Amount uninsured and at its own risk. No Retention Amount shall be applicable to a disciplinary or grievance proceeding.

**Ohio Small Law firm Endorsement**: Section XII, DEFENSE AND SETTLEMENT, is amended by deleting paragraph[ ] (A) and * * * replacing [it] with the following:

(A)    The Company shall have the right and duty to defend any **Claim** covered by this Policy. Coverage shall apply even if any of the allegations are groundless, false or fraudulent. The Company shall assign counsel to defend the **Insured**. It shall not be unreasonable for the Company to withhold its consent to the representation of any **Insured** by another **Insured** or, if more than one **Insured** is involved in a **Claim**, to withhold its consent to separate counsel for one or more of such **Insureds**, unless there is a material actual or potential conflict of interest among such **Insureds**.

**{¶ 10}** Gallagher alleges Schwartz is liable for its legal fees under a breach of contract theory. "To establish a claim for breach of contract, a plaintiff must prove: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach." *Claris, Ltd. v. Hotel Dev. Servs., L.L.C.*, 2018-Ohio-2602, 104 N.E.3d 1076, ¶ 28 (10th Dist.), citing *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 41.

**{¶ 11}** We must first determine whether Schwartz is a party to the insurance contract so that Gallagher can maintain a claim for breach of contract against him. While Schwartz was not a signatory to the Chubb policy, he was an intended third-party beneficiary. To be an intended third-party beneficiary under a contract, "there must be evidence that the contract was intended to directly benefit that third party."

*Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 2011-Ohio-5083, 957 N.E.2d 3, ¶ 12. An intended third-party beneficiary has enforceable rights under the contract. *Id.* at ¶ 11. The Chubb policy provided insured persons, which included Schwartz, a benefit, specifically, malpractice insurance and legal representation. Schwartz possessed enforceable rights under the Chubb policy and actually received those benefits because Gallagher Sharp represented him in the DiPaolo legal malpractice action. Therefore, as an insured under the Chubb policy, Schwartz is also an intended third-party beneficiary of the Chubb insurance contract with MGFL. [4]

{¶ 12} With the understanding that Schwartz is an insured and MGFL is the Firm as defined in the Chubb policy, we review the terms of the policy. Under the Chubb policy, a claim was filed in regard to the DiPaolo legal malpractice claim against MGFL and Schwartz. Gallagher was retained to defend Schwartz, and defense costs payable to Gallagher were incurred. Gallagher now seeks payment of those legal fees.

{¶ 13} Defense costs are considered a "Loss" and their payment is addressed under the clause entitled "Retention Amount." The insurance policy has a $50,000 Retention Amount requiring an insured under the policy to pay the first $50,000 of legal fees and related costs. The Retention Amount is to be paid in full before Chubb has any liability. The third sentence in "Retention Amount" reads: "In the event that any **Insured Person** is unwilling or unable to bear the Retention Amount it

---

[4] This court found in *Gallagher Sharp, L.L.P.*, 8th Dist. Cuyahoga No. 107483, 2019-Ohio-2113, at ¶ 38, that Schwartz was an "insured" under the policy.

shall be the obligation of the **Firm** to bear such Retention Amount uninsured and at its own risk." In other words, if Schwartz is unwilling or unable to bear the Retention Amount, it is the Firm's responsibility, here MGFL's responsibility, to pay any outstanding amounts.

{¶ 14} The evidence reviewed in compliance with Civ.R. 56 supports the trial court's decision regarding Gallagher's motion for summary judgment against Schwartz. In Schwartz's answer to plaintiff's complaint, Schwartz denies there is a deductible amount and/or retention amount he must pay under the Chubb policy and denies he owes Gallagher for provided legal services. Schwartz raises as affirmative defenses recoupment, setoff, and/or indemnification and asserts that any monies owed to Gallagher must be paid by MGFL. Schwartz believes MGFL is responsible for Gallagher's legal fees. Schwartz has not paid Gallagher's legal fees during the pendency of this lawsuit and continues to defend himself against Gallagher's claims of breach of contract and unjust enrichment. Schwartz's answer as well as the absence of his payment for the outstanding legal fees and his ongoing defense demonstrate Schwartz is unable, or unwilling, to pay the legal fees owed Gallagher.[5]

{¶ 15} As a result of his unwillingness or inability to pay the outstanding legal fees, Schwartz is not obligated to satisfy Gallagher's defense costs and has not breached any contract with Gallagher. The terms of the Chubb policy state where

---

[5] As noted in our companion case, MGFL did not argue Schwartz was able or willing to pay Gallagher's legal fees. *Gallagher Sharp, L.L.P.,* 8th Dist. Cuyahoga No. 107483, 2019-Ohio-2113, at ¶ 42, fn. 5.

an insured is unwilling or unable to pay, the Firm is required to satisfy the outstanding debt. Just as we found in our companion case, the Firm, or MGFL, is required to pay the retention amount, including the outstanding balance due to Gallagher. *Gallagher Sharp, L.L.P.* at ¶ 46.

{¶ 16} We do not limit our analysis to whether Schwartz is an insured under the Chubb policy. We adopt a similar approach to that presented in our companion case where we stated, "The central issue, therefore, is who is responsible for paying Gallagher Sharp." *Id.* at ¶ 42.

{¶ 17} The Chubb policy's language is clear and unambiguous and states if an insured is unwilling or unable to pay the full Retention Amount, it is the firm's obligation to pay the outstanding amount. In its motion for summary judgment, Gallagher argues Schwartz is responsible for its outstanding legal fees under the terms of the Chubb policy. Simply finding Schwartz is an insured does not fully address the presented issue.

{¶ 18} We found in our companion case that MGFL was obligated to pay Gallagher's legal fees because Schwartz was unable or unwilling to pay: "By refusing to pay Gallagher Sharp's invoice for its representation of Schwartz, which Gallagher Sharp was retained to do pursuant to the insurance contract, MGFL breached its duty to pay for the retention amount that Schwartz was unable or unwilling to pay." *Gallagher Sharp, L.L.P.,* 8th Dist. Cuyahoga No. 107483, 2019-Ohio-2113, at ¶ 46. In conformity with that decision, we find the record supports the position that Schwartz was unwilling or unable to pay Gallagher's legal fees. The Retention

Amount requires only the insured, Schwartz, or the Firm, MGFL, to be liable for the outstanding amount. Where the insured, Schwartz, is unable or unwilling to pay, the contract shifts the obligation to pay the Retention Amount to MGFL to satisfy the outstanding payment. Because Schwartz is unable or unwilling to pay, his lack of payment was not a breach of contract with Gallagher, but an act that shifted the responsibility for payment to MGFL.

{¶ 19} In addition to alleging a breach of contract, Gallagher sought payment from Schwartz under an unjust enrichment theory. "Unjust enrichment is an alternative theory of recovery, which 'operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another.'" *Cantlin v. Smythe Cramer Co.*, 2018-Ohio-4607, 114 N.E.3d 1260, ¶ 41 (8th Dist.), citing *Gallo v. Westfield Natl. Ins. Co.*, 8th Dist. Cuyahoga No. 91893, 2009-Ohio-1094, ¶ 19. Unjust enrichment is not applicable where an express contract exists. *Cantlin* at ¶ 42. Because the parties' responsibilities stem from the Chubb insurance contract, unjust enrichment does not apply.

{¶ 20} In denying Gallagher's motion for summary judgment against Schwartz, the trial court found Schwartz was "not the policy holder but only an included insured" and the motion for summary judgment against Schwartz was moot based upon the trial court's granting Gallagher's motion for summary judgment against MGFL. We agree with the trial court's denial of Gallagher's motion for summary judgment against Schwartz, but on other grounds. We find

that Schwartz is a third-party beneficiary and an insured under the Chubb policy. Because Schwartz, as an insured, was unwilling, or unable, to pay the outstanding legal fees, the terms of the Chubb policy obligated MGFL to satisfy Gallagher's outstanding legal fees. The trial court's granting of Gallagher's motion for summary judgment against MGFL identified MGFL as the liable party and rendered the motion for summary judgment against Schwartz moot.[6]

**{¶ 21}** No genuine issues of material fact exist. There is no merit to Gallagher's assignment of error and, as a result, it is overruled.

**{¶ 22}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

[6] Under Civ.R. 54(B), a judgment on less than all of the claims presented in an action is a final appealable order so long as the court order includes an express statement that "there is no just reason for delay." The trial court's decision included the required language and presented a final, appealable order resolving all claims between the parties. Hence, there was no error when the trial court denied Gallagher's motion for summary judgment against Schwartz and found the claim against Schwartz rendered moot by its decision granting summary judgment against MGFL.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
MARY J. BOYLE, P.J., CONCURS IN JUDGMENT ONLY